NOT FOR PUBLICATION

| | |
|---|---|
| SUSANNE PERMAN,<br><br>     Plaintiff,<br><br>v.<br><br>STONEBRIDGE LIFE INSURANCE COMPANY,<br><br>     Defendant. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No. 10-cv-3720 (WJM-JAD)<br><br>OPINION |

This matter comes before the Court upon motion by plaintiff Susanne Perman ("Plaintiff") for leave to file an amended complaint to assert a class action claim against defendant Stonebridge Life Insurance Company ("Defendant"). Upon consideration of the parties' submissions, and for the reasons stated below, Plaintiff's motion is **denied**.

## I.     BACKGROUND

On June 9, 2010, Plaintiff filed a Complaint against Defendant in the Superior Court of New Jersey, Bergen County, asserting claims, including violation of the New Jersey Consumer Fraud Act, arising from Defendant's alleged wrongful denial of payments under Defendant's father's accidental death policy, which was issued by Defendant. On July 23, 2010, the matter was removed to this Court.

Specifically, Plaintiff alleges in her Complaint that, on or about March 3, 1997, Edward Belkin ("Belkin") entered into a Contract of Insurance with Defendant for accidental death and dismemberment insurance (the "Policy"). (Compl., ¶ 3, ECF No. 1-1). Plaintiff further alleges that after Belkin passed away on May 17, 2007 as a result of an accident, Defendant wrongfully withheld payment of insurance proceeds that were due under the Policy. *Id.* at Count 1, ¶¶ 4-6. Plaintiff alleges that Defendant's failure to make any payments under the Policy is part of

Defendant's scheme to accept payments for insurance and to deny legitimate claims, violating the New Jersey Consumer Fraud Act. *Id.* at Count 2, ¶¶ 2-3.

On January February 28, 2011, Plaintiff filed this motion for leave to amend the Complaint. In the proposed Amended Complaint, Plaintiff seeks to amend her individual claims to assert class action claims as class representative against Defendant on behalf of beneficiaries of policies issued by Defendant whose claims have been wrongfully denied by Defendant where the insureds passed away more than ninety (90) days after the accident that caused their deaths. (Prop. Amend. Compl., ¶ 6, ECF No. 10-2).

Defendant opposes Plaintiff's motion on the grounds that the proposed claims are futile because (1) notwithstanding which law applies[1], accidental death time limitations such as the ninety (90) day provision in the Policy are valid and (2) Plaintiff has failed to demonstrate typicality or a common question of law or fact necessary to assert a class action claim.

## II.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Otherwise, a party may amend its pleading by leave of court. FED. R. CIV. P. 15(a)(2)

"The grant or denial of leave to amend is a matter committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). The Third Circuit has adopted a liberal approach under to the amendment of pleadings RULE 15 to

---

[1] Defendant argues that Plaintiff improperly relies on New Jersey law and that, instead, Illinois law should apply because the Policy contains a provision that provides that Illinois law is controlling. Defendant further argues that assuming, *arguendo*, that the Illinois choice of law provision in the Policy is invalid, New York law should apply under New Jersey's choice-of-law rules. (Def. Brief 5-9, ECF No. 12).

ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.,* 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted). The burden is generally on the party opposing the amendment to demonstrate why the amendment should not be permitted. *Foman v. Davis,* 371 U.S. 178 (1962).

Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000). A proposed amendment is futile if it "would fail to state a claim upon which relief could be granted." *Id.* Thus, "[i]n assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim (the basis of a finding of futility) in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009). The Court examined RULE 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).[2] Citing its recent opinion in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice .... Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a

---

[2] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." FED. R. CIV. P. 8(d).

> plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "show[n]"-- "that the pleader is entitled to relief." *Fed. Rule Civ. Proc.* 8(a)(2).

*Iqbal,* 129 S. Ct. at 1949-1950 (citations omitted). The Court further explained that:

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

Thus, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Id.* at 1949. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. *See id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3; *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009).

Consequently, the Third Circuit observed that *Iqbal* provides the "final nail-in-the-coffin" for the "no set of facts" standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957),[3] that applied to federal complaints before *Twombly. See Fowler,* 578 F.3d at 210. Now, after *Iqbal,* the Third Circuit requires that a district court must conduct the two-part analysis set forth in *Iqbal* when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal,* 129 S. Ct. at 1949-50]. Second, a District

---

[3] In *Conley,* as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [*Id.*] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See* [*Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Iqbal*, [129 S. Ct. at 1949-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler*, 578 F.3d at 210-11.

### III.   DISCUSSION

Plaintiff seeks to amend her Complaint to assert class action claims against Defendant.

To obtain class certification, a plaintiff must satisfy FED. R. CIV. P. 23(a), which provides that:

One or more members of a class may sue or be sued as representative parties on behalf of all only if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a)

These requirements are commonly referred to as numerosity, commonality, typicality, and adequacy of representation. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). Furthermore, a plaintiff seeking class certification must also satisfy one of the subsections of FED. R. CIV. P. 23(b).   RULE 23(b) requires a demonstration that there is a threat of inconsistent, varying, or impeding adjudications against individual class members if the case is not adjudicated as a class action; that final injunctive or declaratory relief is appropriate for the class as a whole; or that common questions of law and fact predominate over individual inquiries and a class action is the optimal way to fairly and efficiently adjudicate the controversy. *See Amchem Prods.*, 521 U.S. at 613.

In support of her motion, Plaintiff states that the proposed Amended Complaint "provides for a class action against defendant as it has become apparent that the defendant has routinely denied payment of benefits for those entities based solely on the fact that the insured passed away more than 90 days after the alleged accident." (Certification of Joseph H. Neiman, ¶ 5, ECF No. 10-1)  However, Plaintiff makes no reference to FED. R. CIV. P. 23 or the requirement thereunder.  Moreover, no factual basis is offered for this conclusory statement.

Furthermore, in her proposed Amended Complaint, Plaintiff fails to allege any facts sufficient to demonstrate numerosity, commonality, typicality, or adequacy of representation. Instead, Plaintiff merely offers conclusory allegations that these elements exist.

For instance, Plaintiff alleges that "[the class] is <u>believed</u> to be numerous, not less than 500." (Prop. Amend. Compl., ¶ 7, ECF No. 10-2) (Emphasis added).  However, Plaintiff alleges no facts to support this allegation.  Plaintiff further alleges that there "are common questions of law and fact in the action that affect the rights of each member of the class and the relief sought is common to the entire class." *Id.* at ¶ 9.  However, Plaintiff alleges no facts to show that the individual members are similar in any way, <u>i.e.</u> that they are similarly situated, that they entered into similar contracts with Defendant for similar insurance, that they had similar insurance claims, or that their claims actually were denied by Defendant on the same grounds.

Plaintiff appears to be proposing a class consisting of plaintiffs from three different states (New Jersey, California, and Pennsylvania) who each purportedly entered into different contracts of insurance in different states.  Defendant points out that each of these states has somewhat different law on the enforceability of the ninety (90) day provision at issue.  (Def. Br. 10-11, ECF No. 12).  The potentially diverse application of the law for each group of plaintiffs defeats an argument of commonality <u>and</u> typicality.  Contrary to RULE 23(a)(2), there will <u>not</u> be

questions of law common to the class proposed by Plaintiff.  Furthermore, the application of any of the potentially applicable laws in Plaintiff's case (New Jersey, New York, or Illinois) demonstrate that the facts of this case may not be common to the facts of any other case Plaintiff is seeking to sweep into the class.  For instance, in this case, Defendant is contesting whether the accident, or injuries sustained in the accident, caused the death.  (Def. Ans. to Compl., ¶ 5 and Fifth Affirmative Defense, ECF No. 5).  The answer to this factual question may very well impact the ultimate resolution of Plaintiff's case regardless of which state's law applies.  It seems apparent that the cause of death issue will be a factor in the putative class members' cases.  It therefore follows that Plaintiff has also failed to plead any facts demonstrating that she would adequately represent the putative class or that the proposed class members' claims are similar.

As such, Plaintiff has failed to adequately demonstrate numerosity, commonality, typicality, and adequacy as required under FED. R. CIV. P. 23(a) for class certification.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file an Amended Complaint is denied.  The Court need not determine whether the Complaint should be amended to add the allegations in paragraphs 6, 9 and 16 that Defendant is denying coverage based solely on the ninety (90) day provision because that issue is already in the case.

_____
JOSEPH A. DICKSON, U.S.M.J.

cc:   Hon. William Martini, U.S.D.J.